Commonwealth, Appellant, *v.* L. E. Wilson Co.

Submitted January 18, 1974. Before JONES, C. J., EAGEN, O'BRIEN, ROBERTS, POMEROY and MANDERINO, JJ.

*James A. Shellenberger, Steven H. Goldblatt, David Richman* and *Arthur R. Makadon,* Assistant District Attorneys, *Richard A. Sprague,* First Assistant District Attorney, and *Arlen Specter,* District Attorney, for Commonwealth, appellant.

*Stanford Schmukler* and *Richard P. Abraham,* for appellee.

OPINION BY MR. JUSTICE POMEROY, November 20, 1974:

In the Spring of 1969, an investigating grand jury was convened in Philadelphia County for the purpose of investigating certain alleged abuses in the areas of housing, urban renewal and public construction. Involved were various agencies of the City of Philadelphia and their employees, and persons and corporations dealing with those agencies. One of those called to testify before the grand jury was one L. E. Wilson,

a builder and developer, who was president and sole shareholder of L. E. Wilson, Co., Inc., the present appellee. After Mr. Wilson had testified, both he and the corporation were indicted on charges of conspiring with the employees of the Philadelphia Housing Authority and obtaining money by false pretenses in connection with an alleged fraudulent scheme concerning the inspection of faulty walls on properties accepted for rehabilitation by the Authority.

Both Wilson and the corporation were subsequently tried and found guilty of conspiracy and twelve of fourteen charges of false pretenses. The defendants filed post-trial motions, and their motion in arrest of judgment was granted on the basis of this Court's decision in *Commonwealth v. McCloskey,* 443 Pa. 117, 277 A.2d 764 (1971). The Commonwealth appealed the order arresting judgment to the Superior Court, which affirmed. Allocatur was sought by the Commonwealth and granted by us solely to examine the propriety of the granting of the motion in arrest of judgment as to the corporate defendant. We now reverse.

In *Commonwealth v. McCloskey, supra,* we held, *inter alia,* that the Fifth Amendment to the Constitution of the United States requires that, before he testifies, a witness summoned to appear before a grand jury be given certain warnings by the court supervising the grand jury. A witness must be informed of his right to consult with counsel before and after his appearance before the grand jury and of his right, during the course of his testimony, to come before the court with his lawyer to obtain a ruling as to whether he must answer a particular question which he believes may be self-incriminating. 443 Pa. at 143. We further held that an indictment obtained against a witness who was not so warned must be quashed if it appears that the indictment was based upon self-incriminating testimony of the witness. 443 Pa. at 147.

In the case before us there is no showing that L. E. Wilson was informed of his constitutional rights in accordance with the *McCloskey* standards before appearing before the grand jury. It is undisputed, moreover, that Wilson gave incriminating testimony which was later used to form the basis of the evidence against both him and his company at trial. Thus, under our decision in *McCloskey,* the motion in arrest of judgment was properly granted as to Wilson personally.[1] As to the corporation, however, the motion in arrest of judgment was granted in error. It is well settled that organizations such as corporations are not protected by the privilege against self-incrimination.[2] *United States v. Kordel,* 397 U.S. 1, 25 L.Ed.2d 1 (1970); *George Campbell Painting Corp. v. Reid,* 392 U.S. 286, 20 L.Ed.2d 1094 (1968); *Oklahoma Press Publishing Co. v. Walling,* 327 U.S. 186, 90 L.Ed. 614 (1946); *Commonwealth ex rel. Camelot D.A., Inc. v. Specter,* 451 Pa. 370, 375 n.1, 303 A.2d 203, 206 n.1 (1973); *Commonwealth v. Columbia Investment Corp.,* 457 Pa. 353, 355 n.1, 325 A.2d 289, 290 n.1 (1974). The rule enun-

---

[1] Our decision in *Commonwealth v. McCloskey* was filed after Wilson had testified before the grand jury but before disposition of his post-trial motions. The presentments in this case were made by the same investigating grand jury as those in *McCloskey* itself. The Commonwealth did not appeal this application of the *McCloskey* decision to Wilson, and fundamental fairness would demand that the same standards be applied in both cases.

[2] Nor, of course, may the corporation assert the Fifth Amendment rights of its president, since those rights are personal to the individual and may not be asserted by another. *George Campbell Painting Corp. v. Reid,* 392 U.S. 286, 20 L.Ed.2d 1094 (1968); *U. S. v. White,* 322 U.S. 694, 88 L.Ed. 1542 (1944). See also, *Couch v. U. S.,* 409 U.S. 322, 34 L.Ed.2d 548 (1973); *Minor v. U. S.,* 396 U.S. 87, 24 L.Ed.2d 283 (1969); *Rogers v. U. S.,* 340 U.S. 367, 95 L.Ed. 344 (1951); *Commonwealth ex rel. Camelot D.A., Inc. v. Specter,* 451 Pa. 370, 375 n.1 303 A.2d 203, 206 n.1 (1973); *Commonwealth v. Butler,* 448 Pa. 128, 131, 291 A.2d 89, 90-91 (1972).

ciated in *McCloskey* was designed to protect the privilege which an individual has not to be compelled to testify against himself. The rule is not to be given broader application than the privilege it implements.

The logic of the decision of the Supreme Court of the United States in *George Campbell Painting Corp. v. Reid, supra,* is applicable here. There, the corporation attempted to attack the validity of a section of the New York Public Authorities Law which disqualified the corporation from obtaining any public contracts because of the refusal of its president to answer questions before a grand jury by asserting his privilege against self-incrimination. It was claimed that this was an unconstitutional penalty. In rejecting this argument, the Court said: "It has long been settled in federal jurisprudence that the constitutional privilege against self-incrimination is 'essentially a personal one, applying only to natural individuals.' It 'cannot be utilized by or on behalf of any organization, such as a corporation.' [citations omitted]. If a corporation cannot avail itself of the privilege against self-incrimination, it cannot take advantage of the claimed invalidity of a penalty imposed for refusal of an individual, its president, to waive the privilege. Since the privilege is not available to it, appellant, a corporation, cannot invoke the privilege to challenge the constitutionality of §2601 of the Public Authorities Law." 392 U.S. at 288-89, 20 L.Ed.2d at 1097. Similar considerations obtain in the case at bar. The corporation cannot avail itself of the fact that its president was not properly warned of his constitutional rights before testifying before the grand jury and in consequence gave incriminating testimony which was later used in the prosecution of both.

The Orders of the Superior Court and of the court of common pleas are reversed insofar as L. E. Wilson

Co., Inc., appellee, is concerned, with instructions to enter judgment on the verdict.

Mr. Justice NIX took no part in the decision of this case.

Mr. Justice MANDERINO dissents.